# United States District Court

FOR THE

**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

CR24-00360 JSC

UNITED STATES OF AMERICA,

V.

TONY ARCHULETA-PERKINS

DEFENDANT(S).

**FILED**

Jun 27 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## INDICTMENT

18 U.S.C. § 1344(2) — Bank Fraud
18 U.S.C.§ 1957 — Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this 26th day of

June, 2024

Clerk

Bail, $ No Bail

Arrest Warrant

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

**FILED**

Jun 27 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TONY ARCHULETA-PERKINS, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. CR24-00360 JSC <br><br> <u>VIOLATIONS</u>: <br> 18 U.S.C. § 1344(2) — Bank Fraud <br> 18 U.S.C.§ 1957 — Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity <br> 18 U.S.C. §§ 982(a)(1) and (a)(2) — Forfeiture Allegation <br><br> SAN FRANCISCO VENUE <br><br> UNDER SEAL |

I N D I C T M E N T

The Grand Jury charges:

<u>Introductory Allegations</u>

At all times relevant to this Indictment, unless otherwise stated:

1. On or about August 5, 2013, defendant Tony ARCHULETA-PERKINS caused to be submitted to the California Secretary of State Articles of Incorporation for "Murietta Valley Class of 1994," a non-profit public benefit corporation organized for public and charitable purposes ("MVHS 1994").

2. ARCHULETA-PERKINS was, at various times, the President and Chief Executive

INDICTMENT                                           1

Officer of MVHS 1994.

3. On or about August 28, 2013, ARCHULETA-PERKINS opened a bank account for MVHS 1994 at BANK 1. ARCHULETA-PERKINS was the sole signatory on the account.

4. ARCHULETA-PERKINS also maintained personal and joint bank accounts at BANK 1.

5. BANK 1, BANK 2, BANK 3, BANK 4, and BANK 5 were each a "financial institution" as defined by Title 18, United States Code, Section 20.

6. On or about June 3, 2014, at ARCHULETA-PERKINS's request, the Internal Revenue Service issued a determination that MVHS 1994 was exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code.

7. On or about July 25, 2018, MVHS 1994 was suspended by the California Secretary of State. On or about January 2, 2019, MVHS 1994 was suspended by the California Franchise Tax Board.

8. Despite the State of California's suspension of MVHS 1994, ARCHULETA-PERKINS continued to maintain a bank account on behalf of MVHS 1994 at BANK 1.

9. ARCHULETA-PERKINS resided in San Francisco, California, in the Northern District of California, and worked for LAW FIRM A and LAW FIRM B (collectively, "the LAW FIRMS"). LAW FIRM A and LAW FIRM B are closely related entities and are based in San Francisco, California.

10. On or about July 6, 2017, ARCHULETA-PERKINS endorsed State and Federal income tax refund checks that had been issued to an individual with the initials S.A. and deposited them in MVHS 1994's account at BANK 1. The deposit totaled $12,247.00.

11. On or about July 15, 2017, ARCHULETA-PERKINS issued a check from MVHS 1994's account at BANK 1 to "Tony Archuleta-Perkins" in the amount of $10,000 and then deposited that check into his personal account at BANK 1.

12. On or about July 17, 2017, ARCHULETA-PERKINS accepted an offer of employment to serve as the Manager of Finances for LAW FIRM A. ARCHULETA-PERKINS held various roles at LAW FIRM A, eventually becoming the Chief Financial Officer of LAW FIRM A and then LAW FIRM B.

13. On or about May 15, 2018, the Internal Revenue Service issued a check to LAW FIRM A in the amount of $41,663.69. The check, which was mailed to LAW FIRM A at its usual business

INDICTMENT                                                  2

address, represented a federal tax refund that was due and owing to LAW FIRM A.

14. The LAW FIRMS used an end-to-end payments automation platform to pay vendors, which they adopted at ARCHULETA-PERKINS's recommendation. In his capacity as an employee of the LAW FIRMS, ARCHULETA-PERKINS had access to the platform to make payments to vendors on behalf of the LAW FIRMS.

15. Beginning no later than in or about May 2018, and continuing until at least on or about December 2023, ARCHULETA-PERKINS executed a scheme and artifice to obtain moneys, funds, credits, assets, and other property under the custody and control of a financial institution by materially false and fraudulent pretenses, representations, and promises by embezzling, converting, stealing, and misappropriating for his own use funds held in the LAW FIRMS' bank accounts or otherwise legitimately owed to the LAW FIRMS.

16. LAW FIRM A held bank accounts at BANK 2 and later at BANK 3, both of which were financial institutions. LAW FIRM B held a bank account at a financial institution, BANK 4. ARCHULETA-PERKINS had access to these accounts because of his position of trust at the LAW FIRMS, and he used that access to unlawfully transfer funds from the LAW FIRMS to MVHS 1994.

17. During the course of the scheme, ARCHULETA-PERKINS stole at least $1.2 million from the LAW FIRMS and used that money for personal expenses, and for the purchase, renovation, and improvement of at least three real properties in California.

COUNTS ONE THROUGH EIGHT:         (18 U.S.C. §1344(2) – Bank Fraud)

18. The foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

19. Beginning on or about May 31, 2018, and continuing through and including on or about December 13, 2023, in the Northern District of California, the defendant,

TONY ARCHULETA-PERKINS,

did knowingly and with the intent to defraud execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, and other property under the custody and control of a financial institution by means of false and fraudulent pretenses, representations, and promises.

The Scheme and Artifice to Defraud

20. In furtherance of the scheme and artifice to defraud, ARCHULETA-PERKINS used a

INDICTMENT                                              3

variety of means and methods, including the following.

21. On or about May 31, 2018, ARCHULETA-PERKINS, without the knowledge or permission of LAW FIRM A or its principal, falsely endorsed a tax refund check that had been issued to LAW FIRM A and deposited it into MVHS 1994's account at BANK 1.

22. On or about June 4, 2018, less than a week after he had deposited a check made out to LAW FIRM A into the account of MVHS 1994, ARCHULETA-PERKINS wrote a check from MVHS 1994's account at BANK 1 to himself and deposited that check into his personal account at BANK 1.

23. Using the access he gained as an employee of the LAW FIRMS in a position of trust, ARCHULETA-PERKINS regularly made and caused to be made payments from the LAW FIRMS' bank accounts to MVHS 1994 that had not been authorized by the LAW FIRMS' management and were not for any legitimate business purpose.

24. In order to evade detection and to mislead the LAW FIRMS as to his scheme, ARCHULETA-PERKINS often misclassified the fraudulent payments to MVHS 1994 as payments for expert witnesses, made accounting entries that labeled the transactions as legitimate expenditures, and created false invoices purporting to show payments due to MVHS 1994 for fictious services.

25. On some occasions, ARCHULETA-PERKINS issued and signed checks from the LAW FIRMS' bank accounts to MVHS 1994. On other occasions, ARCHULETA-PERKINS used the LAW FIRMS' end-to-end payments automation platform to cause checks or electronic payments to be sent to the MVHS 1994 account at BANK 1.

26. On or about each of October 23, 2020, and October 27, 2020, ARCHULETA-PERKINS caused the end-to-end payments automation platform to make five payments to MVHS 1994, respectively, on behalf of LAW FIRM A. On or about November 24, 2020, and again on or about December 29, 2020, the compliance department at the end-to-end payments automation platform requested additional information about these payments, asking their purpose, why they were broken down into five separate payments on each date, and requesting additional information about the products and/or services provided by MVHS 1994. ARCHULETA-PERKINS falsely responded that the payments were broken down by project and that MVHS 1994 provided consulting services for LAW FIRM A.

INDICTMENT 4

27. On or about August 6, 2021, ARCHULETA-PERKINS caused the end-to-end payments automation platform used by LAW FIRM A to issue two payments from LAW FIRM A to MVHS 1994. On or about August 15, 2021, the compliance department at the end-to-end payments automation platform requested additional information about these payments, including MVHS 1994's legal business name, website, or additional identifying information, and also requested corresponding invoices for the payments processed on August 6, 2021.

28. On or about October 18, 2021, in response to this inquiry, ARCHULETA-PERKINS created false, fraudulent and fictitious invoices and transmitted them to the end-to-end payments automation platform, falsely representing that MVHS 1994 had provided "Consulting Services" to LAW FIRM A.

29. On some occasions, once the stolen funds were in the MVHS 1994 bank account, ARCHULETA-PERKINS issued payments directly to vendors and accounts used for personal expenses that had nothing to do with the stated purposes of MVHS 1994 or the LAW FIRMS, including payments to mortgage lenders and credit card issuers.

30. On other occasions, once the stolen funds were in the MVHS 1994 bank account, ARCHULETA-PERKINS wrote checks from the MVHS 1994 account to himself, endorsed those checks, and then deposited them into his personal bank account.

31. On at least two occasions, ARCHULETA-PERKINS further obfuscated the source of the stolen funds by writing checks from MVHS 1994 to another corporation for which he served as the sole officer and director.

32. On at least three occasions, ARCHULETA-PERKINS withdrew the proceeds of the scheme from the MVHS 1994 account at BANK 1 in United States currency and then used those funds to make a payment on a mortgage held at BANK 5 secured by real property he owned.

33. ARCHULETA-PERKINS deposited and exercised custody and control over the fraudulent payments drawn from the LAW FIRMS' accounts and converted them to his own use knowing that the payments were not authorized by the LAW FIRMS or any partner thereof and were in excess of the amounts he was legitimately owed by the LAW FIRMS for his salary and expenses.

INDICTMENT                                                5

Execution of the Scheme

34. On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendant,

TONY ARCHULETA-PERKINS,

conducted and caused to be conducted the following financial transactions, among others, on or about the following dates, involving funds, credits or assets in the custody and control of the financial institutions described, in the amounts listed, each transaction constituting a separate Count of this Indictment:

| Count | Date | Description | Amount Attributable to Scheme |
|---|---|---|---|
| 1 | May 31, 2018 | Check number 403843620051 drawn on the United States Treasury and deposited into the MVHS 1994 account at BANK 1 with an unauthorized endorsement signature | $41,663.69 |
| 2 | February 4, 2019 | Check number 60573 drawn on the account of LAW FIRM A ending in 8372 held at BANK 2 and deposited into MVHS 1994's account at BANK 1 | $20,000.00 |
| 3 | February 5, 2020 | ACH withdrawal from LAW FIRM A's account ending in 8372 held at BANK 2 that funded check number 40746839 which was subsequently deposited into MVHS 1994's account at BANK 1 | $60,000.00 |
| 4 | October 22, 2020 | ACH withdrawal from LAW FIRM A's account ending in 8372 held at BANK 2 | $55,000.00 |
| 5 | August 5, 2021 | ACH withdrawal from LAW FIRM A's account ending in 8372 held at BANK 2 | $32,000.00 |
| 6 | May 25, 2023 | Check number 1076 drawn on the account of LAW FIRM A held at BANK 3 and deposited into MVHS 1994's account at BANK 1 | $7,000.00 |
| 7 | October 25, 2023 | Check number 1087 drawn on the account of LAW FIRM B ending in 2110 held at BANK 4 and deposited into the MVHS 1994 account at BANK 1 | $5,000.00 |
| 8 | December 1, 2023 | ACH withdrawal from LAW FIRM B's account at BANK 4 ending in 2110 | $25,000.00 |

each execution and attempted execution of such scheme being in violation of Title 18, United States Code, Section 1344(2).

COUNTS NINE THROUGH THIRTEEN: 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

35. The foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

36. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendant,

TONY ARCHULETA-PERKINS,

did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, to wit: a bank insured by the Federal Deposit Insurance Corporation, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the deposit, withdrawal, transfer, and exchange of U.S. currency, such property having been derived from a specified unlawful activity, that is, Bank Fraud in violation of Title 18, United States Code, Section 1344(2):

| Count | Date | Description of Monetary Transaction | Amount |
|---|---|---|---|
| 9 | July 13, 2020 | ACH payment from MVHS 1994 account at BANK 1 ending in 1128 to Capital One for payment on credit card ending in 6047 | $17,000.00 |
| 10 | January 19, 2023 | ACH Payment from MVHS 1994 account at BANK 1 ending in 1128 to Citibank, N.A. for payment on a Home Depot credit card ending in 6672 | $10,283.15 |
| 11 | January 23, 2023 | ACH payment from MVHS 1994 account at BANK 1 ending in 1128 for payment on a Best Buy credit card account ending in 5792 | $20,246.00 |
| 12 | December 1, 2023 | Cash withdrawal from MVHS 1994 account at BANK 1 ending in 1128 | $12,405.00 |
| 13 | December 1, 2023 | Cash deposit to an account at BANK 5 ending in 6890 | $12,405.00 |

each count being in violation of Title 18, United States Code, Section 1957.

FORFEITURE ALLEGATIONS:    (18 U.S.C. §§ 982(a)(1), 982(a)(2))

The allegations contained in this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1) and (a)(2).

Upon conviction of the offense(s) alleged in Counts One through Thirteen above, the defendant,

TONY ARCHULETA-PERKINS,

shall forfeit to the United States: (1) all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly as the result of those violations, pursuant to 18 U.S.C.§ 982(a)(2) all property, real or personal, involved in said violations, or any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). This property includes but is not limited to the following:

    a.    the real property located at 2595 14th Avenue, San Francisco, California, and any improvements thereon;

    b.    the real property located at 1186 San Joaquin Drive, Palm Springs, California, and any improvements thereon;

    c.    a sum of money equal to the amount of proceeds obtained as a result of the offense(s).

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

any and all interest the defendant has in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(2), Title 21, United States Code, Section 853, and Federal Rule of Criminal Procedure 32.2.

DATED: June 26, 2024                          A TRUE BILL.

                                                        /s/ Foreperson
                                          FOREPERSON OF THE GRAND JURY

ISMAIL J. RAMSEY
United States Attorney

_____
NIKHIL BHAGAT
Assistant U.S. Attorney

INDICTMENT                                       8