UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>ARCHULETA-PERKINS,<br>    Defendant. | Case No. 24-cr-00360-JSC-1<br><br>**ORDER DENYING MOTION FOR FUNDS**<br><br>Re: Dkt. No. 49 |

Pursuant to a plea agreement, Defendant was convicted of bank fraud and money laundering arising from his embezzlement of his former employer. Also pursuant to the plea agreement, the judgment of conviction included an obligation for Defendant to pay $1,321,752 in restitution to his victims.

Defendant and his spouse, Timothy Archuleta-Perkins, sold two California properties they had acquired during their marriage—one house in San Francisco and one in Palm Springs. The net proceeds from those sales total approximately $309,659 and are in the registry of the Court. They now seek a judicial ruling that Defendant's spouse Timothy is an "innocent spouse" and therefore 50% of the funds held by the Clerk of the Court should be released and returned to Defendant's spouse.

The motion is DENIED. Defendant's judgment of conviction requires him to pay restitution pursuant to the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663(a). Defendant and his spouse do not dispute the funds in the Clerk's registry are community property. Under binding Ninth Circuit precedent, Defendant's spouse is liable for Mr. Archuleta's restitution debt. *United States v. Berger*, 574 F.3d 1202, 1205 (9th Cir. 2009) ("Thus, even though Richard is the only spouse who is a party to the judgment for the debt at issue here, under the

MVRA and California law the Proceeds' community property status makes Cornella liable for that debt.").

This Order disposes of Docket No. 49.

**IT IS SO ORDERED.**

Dated: August 20, 2025

JACQUELINE SCOTT CORLEY
United States District Judge